UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES JASON RIANI,

    Petitioner,

v.                                    CASE NO: 8:13-CV-260-T-30AEP
                                          Crim. Case No: 8:11-CR-174-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), the United States' Response (CV Dkt. #7), and the Petitioner's Reply (CV Dkt. #13). Upon consideration, the Court concludes the motion should be summarily denied without an evidentiary hearing because it plainly appears from the parties' pleadings and the prior criminal proceedings that the Petitioner is not entitled to relief. *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

**Background**

Riani was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e), possession with intent to distribute a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and carrying firearms in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (CR Dkt. #1). Riani pled guilty to the charges pursuant to a plea agreement (CR Dkt. # 20, 24, 26).

Petitioner, proceeding *pro se,* timely filed this motion to vacate his sentence (CV Dkt. #1) claiming his counsel was ineffective for:

**1.** giving erroneous advice to enter a guilty plea without informing the Petitioner of alternative courses of action;

**2.** failing to object to the Petitioner's sentencing guideline calculation; and

**3.** failing to challenge the Court's jurisdiction where there was an insufficient nexus between firearms possession, drug trafficking, and interstate commerce.

**Waiver**

An appeal waiver is valid and extends to collateral attacks if made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). The Government must establish the waiver's validity by showing (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) it is clear from the record that the defendant fully understood the significance of the waiver. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

In his plea agreement, Riani acknowledged that the Court had jurisdiction and authority to impose any sentence up to the statutory maximum and he expressly waived his right to appeal or challenge it on any grounds, except for limited circumstances not present in this case. CR Dkt. #20, p. 13. During the Petitioner's plea colloquy, the magistrate judge went over with Riani his decision to enter a plea of guilt and the waiver of his right to appeal his sentence or challenge it collaterally:

> THE COURT: All right. Thank you, Mr. Riani. Sir, before we proceed let me explain to you that if you do decide at the end of this hearing to enter a plea of guilt and your plea is accepted by the Court, it will become very difficult, if not virtually impossible, for you later to change your mind. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

CR Dkt. #50, p. 4

> THE COURT: Mr. Riani, it's important that you understand that absent your Plea Agreement you would have the right to appeal your sentence or the right to collaterally challenge your sentence. In essence, what that means is you would have the right to complain to another court about your sentence. However, by specific provision in Paragraph (B)(5) on Page 13 of your Plea Agreement, you have waived your right to appeal and your right to collaterally challenge your sentence unless certain events occur. Those events include: (1) the ground that the sentence exceeds the applicable Advisory Guideline range as calculated by the Court utilizing the United States Sentencing Guidelines; (2) the ground that the sentence exceeds the statutory maximum penalty; (3) the ground that the sentence violates the Eighth Amendment to the Constitution, which is cruel and unusual punishment; or (4)in the event that the Government files an appeal in your case you would then be free from this waiver and you could appeal or you could collaterally challenge your sentence. Mr. Riani, do you understand that by this provision of your Plea Agreement you have waived your right to appeal and your right to collaterally challenge your sentence unless one of those events occurs?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you feel that you fully understand this provision of your Plea Agreement?
>
> THE DEFENDANT: Yes, sir.

CR Dkt. #50, pp. 20-21

This Court concludes Riani knowingly and voluntarily waived his right to collaterally attack his sentence on the grounds raised in this petition and it is subject to dismissal on that basis alone. However, by way of explanation to Riani why his claims lack merit, the Court will discuss the claims.

**DISCUSSION**

Effective assistance of counsel is guaranteed by the Sixth Amendment. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The standard for determining an ineffective assistance of counsel claim is whether counsel's conduct undermined the judicial process to the point it cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An attorney is presumed to be competent so the petitioner has the burden of demonstrating he was deprived of effective counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

Vacating a conviction because of ineffective counsel requires the petitioner establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The focus in the first prong is not whether counsel could have made a different decision but only whether counsel's performance was reasonable. *See Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). Prejudice in the second prong is defined as the petitioner being able to show there is a reasonable probability, but for counsel's unreasonable error, the result would have been different. *Strickland*, 466 U.S. at 694. Evaluation of an effectiveness claim does not require the analysis to be conducted in any particular order and the court is not required to address both components of the inquiry should the petitioner fail in making a sufficient showing on one. *Strickland*, 466 U.S. at 697.

**Claim One**

Petitioner claims that his counsel gave him erroneous advice to enter a guilty plea without advising him of other courses of action. CV Dkt. #1, p. 4. Riani alleges his counsel informed him that, because he pled guilty to state charges arising out of the same occurrence as his federal charges, he had "absolutely no defense to the federal charges." CV Dkt. #1, p. 4. Riani claims his counsel told him if he went to trial he would "never see daylight again," but if he pled guilty to all charges she may be able to get the enhanced charges dropped. CV Dkt. #1, p. 4. Finally, Riani claims he was not guilty because he was not carrying enough drugs on his person to satisfy the statute and his counsel failed to investigate. CV Dkt. #1, p. 5.

The series of events that resulted in Riani's arrest began with a report that he was riding a stolen motorcycle. When state police apprehended him on the motorcycle, he was found to have in his possession two handguns, a shotgun, a handcuff key, 14.05 grams of methamphetamine, and he was driving with a revoked license. CR Dkt. #20, p. 16. The state prosecutors decided to charge Riani with only grand theft, possession of a concealed handcuff key, and driving with a suspended license. Riani was serving his state prison sentence on these charges at the time he was taken into federal custody.

The federal counts which led to this petition originated out of the same series of events as his state charges. Although the terms with which Riani claims his counsel spoke to him may have been harsh, it would not have been unreasonable for his counsel to give him that or similar advice. Riani was a felon driving a stolen motorcycle without a license, with 14.05 grams of methamphetamine, a handcuff key, two loaded handguns, and a

shotgun with the serial number scratched off when he was apprehended.  CR Dkt. P.S.R., p. 5.  In this circumstance, Riani did not have many viable defense strategies.

The most likely defense strategies would be to argue personal use for the drug possession or try and argue the arrest itself was unlawful in an attempt to exclude evidence. Arguing personal use for the drug possession would be difficult because of the quantity of methamphetamine which he possessed.  Convincing a judge that the police did not have probable cause to arrest him while he was riding a motorcycle that had been reported stolen is also improbable.  Viewed in this light, it would be reasonable for his counsel to advise him that defending his case would be extremely difficult, if not impossible.

Riani's contention that he was unaware of other options besides pleading guilty is belied by the record:

> THE COURT: Have you discussed all your options in your case with Ms. Dyer, to specifically include your option to take your case to trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And after discussing those options, are you satisfied with your decision to enter a plea of guilt pursuant to the written Plea Agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has Ms. Dyer done everything that you've asked her to do for you in your case?
>
> THE DEFENDANT: Yes, she has, sir.
>
> THE COURT: Do you feel she has done anything in an unsatisfactory manner?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you, therefore, fully satisfied with the advice and representation you have received in this case?
>
> THE DEFENDANT: Yes, sir.

CR Dkt. #50, pp. 9-10

Riani also claims that his counsel failed to investigate the factual basis of his "possession with intent to distribute" charge. He argues that for the Government to obtain a conviction under the statute they would have had to show that he was in possession of more than 50 grams of methamphetamine and he was alleged to have had only 14 grams. The Petitioner is reading the statute incorrectly. The Petitioner makes reference to the 50 gram requirement of § 841(b)(1)(A)(viii), but this subpart of the statute was not involved in the Petitioner's conviction or sentencing. Riani was charged under § 841(a)(1) which only requires he be in possession of methamphetamine with intent to distribute. The basis for Riani's conviction has no weight requirement. The part of the statute which pertains to his sentencing is § 841(b)(1)(c). It provides that a person who violates the statute after a prior conviction for a felony drug offense shall be sentenced to a term of imprisonment of not more than 30 years.

Riani has not shown that his counsel's performance was deficient, nor has he shown he was prejudiced by the alleged deficiencies. He would therefore not be entitled to relief on this claim.

**Claim Two**

Riani claims that his counsel was ineffective in failing to object to the Court's conclusion that: (1) his violation of 21 U.S.C. § 841(a)(1) was a level 18 offense, and (2) the § 924(c) enhanced five-year consecutive sentence was applicable. CV Dkt. #1, p. 7. Riani argues, if the lab results were available, they would show he was not in possession of a mixture containing 50 grams of methamphetamine as required by § 841(b)(1)(B)(viii).

Since the Petitioner contends he was in fact not guilty of the drug trafficking count, it follows that he would contend there was no basis for the § 924(c) enhancement.

As previously discussed, the Petitioner has misunderstood the requirements of the statute under which he was charged. He acknowledged in his plea agreement that he was in possession of 14 grams of methamphetamine and this amount is sufficient to prove his violation of § 841(a)(1). CR Dkt. #20, p. 16. Having shown that there was a proper factual basis for his § 841(a)(1) count, the § 924(c) enhanced charge is also appropriate. In conclusion, the Petitioner would not be entitled to relief as he has failed to show deficient performance of counsel or prejudice.

**Claim Three**

Petitioner claims his counsel was ineffective for failing to challenge the Court's jurisdiction where there was an insufficient nexus between firearms possession, drug trafficking, and interstate commerce. CV Dkt. #1, p. 9. The Petitioner concludes that his counsel's actions prejudiced him but he states no facts or reasoning to support his contention.

Petitioner had in his possession three guns and 14 grams of methamphetamine at the time of his arrest. CR Dkt. #20, p. 16. Reasonable counsel would recognize it would be frivolous to argue there was not a connection between the guns and drugs. And Petitioner has not even attempted to show that the guns were not manufactured outside the state of Florida. Without this showing, Petitioner has not demonstrated prejudice. Because the Petitioner has not shown he was prejudiced by his counsel's failure to challenge jurisdiction, he would not be entitled to relief.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.# 47, in the underlying criminal case, case number 8:11-CR-174-T-30AEP.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2013\13-cv-260 Riani deny 2255.docx